Mr. Justice Humphreys
delivered the opinion of the court:
In this case suit was instituted against DeWandalaer, Lincoln, and Willard. During the trial in the circuit court, after evidence showing that Lincoln & Willard alone were bound, if any of the parties were, the plaintiff moved for leave to enter a nolle proseguí as to DeWandalaer, which motion was granted, and the cause proceeded against Lincoln & Willard.
The main question assigned as error is the power and propriety, in practice, of the court to allow a dismissal or nolle proseguí as to one or more of the parties in a suit against several, when the evidence shows a liability against those only who are retained as defendants.
A majority of the court is of opinion that, in order to save litigation and further the ends of justice, according to the established rules of law, this may be done during the progress of the trial as well as when the trial begins.
It will be found by the antiquarian in legal lore to have been the rule at common law that, after writ issued and before declaration filed, the plaintiff could declare against *347 one or more who had been summoned by the writ, as he might be advised. Our statutes and rules in furtherance of a more progressive idea have reserved the same rule at any stage of the trial. Not only this, but, even where there is a j oint obligation of covenant, “ an action may be sustained and judgment recovered against all or any of the parties by whom the money is payable, at the option of the plaintiff!” Bev. Stats., sec., 827.
At common law, the declaration could be amended by the writ or the declaration could be against some or all the parties in the writ. Finally, the declaration must be the chart by which to proceed. 1 Chitty’s Archb. Prac., Q. B., 236, 237, also 223 ; 2 ibid., 1466,1467.
Buie 7 authorizes amendments to be made at any stage of a cause, for the purpose of determining the real question in controversy between the parties, even if the defect or error be that of the party applying to amend.
By the common-law rules, the party was forced to rely upon his declaration, and upon that to rest and stand, and after trial begun he could offer no further amendment.
He may now have the benefit of these rules down to the time the jury retires.
In equity, even after a cause has been submitted, the pleadings may be amended to conform to the evidence. Statutes have been enacted to give the law courts power to mete out justice in a cause.
It will be seen by reference to the change made in England in 1852, in the practice, that our Buie 7 is a copy, “verbatim et literatim,” of the rules introduced in the practice there. The construction given by the-highest court in that country of their statutes and rules would certainly be a precedent to govern us in the construction of similar statutes and rules. In fact, we borrow from each other — we being the younger are the larger borrowers; we try to express our meaning in the English language, and we pay enough respect to each other to consider that similar rules, in the two countries, are expounded in the same way by each, and each is ready to follow the exposition first made. Hence, the construction given by the British courts of their own statutes, of which ours are copies, have always been followed in our *348 courts, unless some local or constitutional limitation imposed the necessity of departing from their construction.
A technical discontinuance would be proper where several were sued and some only served with process.
A dismissal is another mode of disposing of a suit, and a nolle prosequi another.